UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ERICH KAISER on Behalf of Himself and on Behalf of All Others Similarly Situated, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 4:20-cv-460 |
| BUGS, INC., ANITA MANCINI and GARY MANCINI, | § § § § | JURY TRIAL DEMANDED |
| Defendants. | § § | |

PLAINTIFF'S ORIGINAL COMPLAINT
COLLECTIVE ACTION & JURY DEMAND

1.  Defendants Bugs, Inc., Anita Mancini, and Gary Mancini ("Defendant") required Plaintiff Erich Kaiser ("Plaintiff") to work more than forty (40) hours a week as an exterminator without overtime pay in violation of federal law. Defendants paid Plaintiff on a flat weekly amount without overtime.

2.  Defendants' conduct violates the Fair Labor Standards Act ("FLSA"), which mandates that non-exempt employees, such as Plaintiff and other hourly workers, be compensated at one and one-half times their regular rate for each hour worked over forty hours per week. *See* 29 U.S.C. § 207(a).

3.  Plaintiff brings a collective action to recover unpaid overtime compensation owed to him individually and on behalf of all current and former exterminators who performed work for Defendants during the three-year period before the filing of this Complaint up to the date the Court authorizes notice. Members of the collective action are hereinafter referred to as "Class Members."

1

4. Defendants cannot satisfy their burden to show that any FLSA exemption applies to Plaintiff or other hourly paid employees. As such, Defendants owe Plaintiff and Class Members back pay at the time and one-half rate for all hours worked over 40 in a workweek, liquidated damages, attorneys' fees and costs.

## SUBJECT MATTER JURISDICTION AND VENUE

5. This court has federal question jurisdiction over the subject matter of this action per 28 U.S.C. § 1331 as this case is brought under the laws of the United States, specifically the Fair Labor Standards Act, 29 U.S.C. § 216(b).

6. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to this claim occurred in this District.

7. Plaintiff worked in this District when the violations took place.

8. Defendant Bugs, Inc., maintains its principal United States headquarters in Katy, Texas.

9. The individual Defendants Anita and Gary Mancini are the owners of Bugs, Inc., and reside in Katy, Texas.

## PARTIES AND PERSONAL JURISDICTION

10. Plaintiff Erich Kaiser is an individual residing in Harris County, Texas. Plaintiff's written consent to this action is attached hereto as Exhibit A.

11. The Class Members are all of Defendant's exterminators who worked for Defendant throughout the state of Texas during the three-year period before the filing of this Complaint.

12. Defendant Bugs, Inc., is a corporation organized under the laws of Texas. Defendant Bugs, Inc., may be served process through its registered agent Gary Mancini at 3126 Brant, Katy, Texas 77493 or wherever he may be found.

13. Defendant Gary Mancini is an individual and may be served process at 3126 Brant, Katy, Texas 77493 or wherever he may be found.

14. Defendant Anita Mancini is an individual and may be served process at 3126 Brant, Katy, Texas 77493 or wherever she may be found.

## FLSA COVERAGE

15. At all material times, Defendants have been an employer within the meaning of the FLSA. 29 U.S.C. § 203(d).

16. At all material times, Defendants have been an enterprise or enterprise in commerce or in the production of goods for commerce within the meaning of the FLSA. 29 U.S.C. §§ 203(r), 203(s)(1). Defendants' employees handle goods that have traveled in interstate commerce such as pest control chemicals and pest control supplies. Defendants also process credit cards from out of state. Defendants also transact business with companies located outside the state of Texas.

17. At all material times, Defendants have had an annual gross business volume in excess of the statutory standard.

18. At all material times, Plaintiff and Class Members were employees engaged in commerce or the production of goods for commerce as required by 29 U.S.C. § 207.

19. Defendant Gary Mancini is the owner of Bugs, Inc.

20. Defendant Anita Mancini is the owner of Bugs, Inc.

21. Defendant Gary Mancini is involved in the day-to-day business operation of Defendant Bugs, Inc.

22. Defendant Anita Mancini is involved in the day-to-day business operation of Defendant Bugs, Inc.

23. Defendant Gary Mancini controlled the Plaintiff's schedule.

24. Defendant Anita Mancini controlled the Plaintiff's schedule.

25. Defendant Gary Mancini had final authority over the content of employee handbooks.

26. Defendant Anita Mancini had final authority over the content of employee handbooks.

27. Defendant Gary Mancini had authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on the business's checking accounts, including payroll accounts, and the authority to make decisions regarding employee compensation and capital expenditures.

28. Defendant Anita Mancini had authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on the business's checking accounts, including payroll accounts, and the authority to make decisions regarding employee compensation and capital expenditures.

29. Defendant Anita Mancini fired Plaintiff.

30. Defendant Gary Mancini fired Plaintiff.

31. Defendant Gary Mancini made the decision to classify Plaintiff as an exempt employee.

32. Defendant Anita Mancini made the decision to classify Plaintiff as an exempt employee.

33. Defendant Gary Mancini made the decision not to pay Plaintiff overtime.

34. Defendant Anita Mancini made the decision not to pay Plaintiff overtime.

35. Defendant Gary Mancini made the decision not to pay Class Members overtime.

36. Defendant Anita Mancini made the decision not to pay Class Members overtime.

37. As such, Defendants Gary and Anita Mancini are the employers of Plaintiff and Class Members within the meaning of 3(d) of the FLSA, and is jointly, severally, and liable for all damages.

## FACTS

38. Defendants operate a pest control service that provides extermination services in Fort Bend and Harris Counties.

39. Plaintiff worked for Defendants as an exterminator from approximately July of 2012 to February 7, 2020.

40. Defendant Gary Mancini is the president and owner of Bugs, Inc.

41. Defendant Anita Mancini is the owner of Bugs, Inc.

42. As an exterminator, Plaintiff's primary duties involved driving a company vehicle to the homes or businesses of Defendant's customers to apply pesticide.

43. Plaintiff worked a regular schedule for Defendants. He worked ten-hour shifts from Monday to Friday. He also worked two to three Saturdays a month for an eight-hour shift. This creates a base schedule of 50 to 58 hours per week.

44. Plaintiff also regularly worked after his normal working hours twice a week for four-hour shifts applying pesticides to various restaurants. The schedule for these night restaurant shifts was three weeks on followed by one week off.

45. Plaintiff also regularly had to do "re-treats" to the properties he previously treated. These retreats could take anywhere from two to four hours per week.

46. Between his normal day schedule and his nighttime restaurant assignments, Plaintiff frequently worked more than 60 hours a week.

47. Despite working well in excess of 40 hours in virtually every week of his employment, Defendants never paid Plaintiff overtime. Instead, Defendants just paid Plaintiff a flat weekly rate plus an extra payment for each restaurant he treated.

48. The weekly amount that Defendants pay their exterminators does not meet the FLSA's regulatory definition of a salary because it was subject to reduction if an exterminator missed a day of work.

49. Plaintiff had his pay reduced multiple times because he was sick or he had to care for his sick wife.

50. In fact, Plaintiff was terminated for leaving early and taking care of his injured wife.

> On February 5, 2020 you called the office to reschedule your last two appointments to go and pick up your wife from the hospital. I called you and learned your wife had hurt her shoulder at work and went to the hospital; I determined this was not an emergency and your wife could have and should have waited for you to finish your work day to be picked up.

51. For a brief period of his employment, Defendants also misclassified Plaintiff as an independent contractor instead of as an employee.

52. Plaintiff and Defendants' other exterminators are employees under the FLSA, not independent contractors, as the following facts demonstrate:

   a. Exterminators are economically dependent on Defendants for their continued work.

b. Exterminators supply none of their own tools or equipment—they drive Defendants' trucks, apply pesticide with Defendants' equipment, and wear uniforms provided by Defendants.

c. Defendants provide a greater investment when compared to that of the Plaintiff.

d. Exterminators' schedules and compensation are dictated by Defendants.

e. Defendants set Plaintiff's salary.

f. Plaintiff worked for Defendants for about 7 years.

g. Exterminators must perform their assigned jobs in an order set by Defendants.

h. Exterminators do not run their own businesses. In fact, Defendants require its inspectors to submit to a non-competition that purports to bar them from working as an exterminator for another company for an indefinite period of time.

i. In fact, Defendants purported to enforce the non-compete agreement against Plaintiff.



53. No exemption under the FLSA shelters Defendants from paying Plaintiffs or the Class Members overtime.

54. Exterminators do not supervise two or more full time employees.

55. Exterminators do not make hiring or firing decisions with respect to other employees.

56. Plaintiff did not hire anyone during his tenure with Bugs, Inc.

7

57. Plaintiff did not fire anyone during his tenure with Bugs, Inc.

58. Exterminators are not office employees. They perform manual labor.

59. Defendants paid Plaintiff and the Class Members in the same manner.

60. Plaintiff and Class Members have the same job duties.

61. Plaintiff and Class Members' job duties are to provide pest control services to residential and commercial properties.

62. Plaintiff and Class Members' job duties do not require a specialized skill.

63. Defendants have failed to pay Plaintiff for his last weeks of employment.

## COLLECTIVE ACTION ALLEGATIONS

64. Plaintiff brings this suit as an FLSA collective action pursuant to 29 U.S.C. § 216(b) on behalf of all persons who were or are employed by Defendants as exterminators, and in substantially similar positions, within three (3) years from the commencement of this action who have, like Plaintiff, not been compensated at one and one-half times their regular rate of pay for all hours worked in excess of forty hours in a single week.

65. Plaintiff has first-hand knowledge, through his personal work experience and communications with other employees of the Defendants, that a class of similarly-situated employees exists who have been denied the FLSA's overtime premium by being subjected to the same illegal pay practices described above.

66. Defendants use the same compensation structure regardless of the location of employment of a particular Class Member.

67. Defendants use the same compensation structure regardless of the supervisor of a particular Class Member. That is all Class Members are hourly paid.

68. That is, Defendants pay of all their exterminators a flat weekly amount without overtime.

69. All exterminators perform the same essential job functions regardless of location.

70. All exterminators perform manual labor.

71. Defendants have a common job description that applies to all exterminators.

72. As such, Class Members are similar to Plaintiff in terms of relevant job duties, pay structure, and the denial of overtime pay.

73. The names and address of the Class Members of the collective action are available from Defendants' records. The Class Members should be allowed to receive notice via First Class Mail, email, job posting, and via a website with basic information about the lawsuit or by use of techniques and a form of notice like those customarily used in representative actions.

74. Although the exact amount of damages may vary among individual Class Members, the damages for each individual can be easily calculated.

75. The Class may be properly defined as follows:

All of Defendants' exterminators who worked during the three-year period before the filing of this Complaint up to the date the Court authorizes notice.

## CAUSES OF ACTION

### COUNT I
### VIOLATION OF THE FAIR LABOR STANDARDS ACT
### FAILURE TO PAY OVERTIME
### (COLLECTIVE ACTION)

76. Plaintiff incorporates the preceding paragraphs by reference.

77. For all time worked in excess of forty (40) hours each week, Plaintiff and Class Members were entitled to be paid one and one-half times their regular rates. 29 U.S.C. § 207.

78. Defendants violated the FLSA by failing to pay Plaintiff and Class Members an overtime premium for hours worked in excess of 40 hours in a workweek.

79. Defendants cannot satisfy their burden to show that any exemption applies.

80. Defendants have, therefore, violated and continue to violate the FLSA by not paying Plaintiff and Class Members consistent with the FLSA for their overtime hours.

81. Defendants' failure to pay overtime in accordance with the FLSA was willful and not based on a good faith belief that their conduct did not violate the FLSA.

82. Prior to this lawsuit, an exterminator, who is not the Plaintiff, raised the issue with Defendants that Exterminators should be paid overtime. Shortly thereafter that exterminator was fired.

83. As such, the foregoing conduct, as alleged, constitutes a willful violation within the meaning of the FLSA. 29 U.S.C. § 255(a).

84. Plaintiff will seek to certify this class as a collective action under 29 U.S.C. § 216(b).

## COUNT II
### BREACH OF CONTRACT

85. Plaintiff entered into a contract with Defendant for payment of wages for work performed.

86. Plaintiff performed work for Defendants until February 7, 2020.

87. Defendants breached their contract with Plaintiff by failing to compensate Plaintiff whatsoever for such work.

88. Defendants failed to pay Plaintiff for his last weeks of work performed.

89. Pursuant to Texas Civil Practices and Remedies Code § 38.001, et seq., Plaintiff is entitled to recover from Defendants reasonable and necessary attorneys' fees for Defendants' breach.

## COUNT III
### DECLARATORY JUDGEMENT

90. The Texas Business and Commerce Code provides the statutory framework of a covenant not to compete:

> [A] covenant not to compete is enforceable if it is ancillary to or part of an otherwise enforceable agreement at the time the agreement is made to the extent that it contains limitations as to time, geographical area, and scope of activity to be restrained that are reasonable and do not impose a greater restraint than is necessary to protect the goodwill or other business interest of the promisee.

TEX. BUS. & COMMERCE CODE ANN. § 15.50(a).

91. As a condition of his employment, Defendants required that Plaintiff agree to a covenant not to compete that contains the following language:

> Should employment with Bugs Incorporated cease, employee agrees, for reasons of competition and privacy, to restrain form competing for customers, whether current or future within our geographical area assumed by Bugs Incorporated. Bugs Incorporated customers, whether residential or commercial, shall not in any way be contacted by employee not shall they be solicited for future business after employment is terminated.

92. This agreement purports to bind Plaintiff from forever working again as an exterminator anywhere in the greater Houston area because, inter alia, any customer in the greater Houston area could be a future customer of Defendants. Because the covenant is not bound by time, it is unenforceable.

93. This covenant is also not enforceable because it is unreasonable. Plaintiff received no specialized business skills or training from Defendants such that his continued work as an exterminator would cause Defendants' competitive harm.

11

94. In this count, Plaintiff seeks a declaratory judgment that the covenant not to compete is unenforceable.

### DAMAGES SOUGHT PURSUANT TO 29 U.S.C. § 216(b)

95. Plaintiff and Class Members are entitled to recover their unpaid overtime compensation for all time worked in excess of forty (40) hours in a single week.

96. Plaintiff and Class Members are entitled to recover an equal amount of their unpaid overtime premiums as liquidated damages.

97. Plaintiff and Class Members are also entitled to recover their attorney's fees and costs as required by the FLSA.

### JURY DEMAND

98. Pursuant to his right under the Constitution of the United States, U.S. CONST. amend. VII, and FED R. CIV. P. 38(a), Plaintiff hereby demands trial by jury.

### PRAYER FOR RELIEF

99. For these reasons, Plaintiff respectfully requests that judgment be entered in favor of himself and the Class Members awarding them:

   a. Overtime compensation for all hour works in excess of forty (40) per week at the rate of one and one-half times their regular rates of pay;

   b. An equal amount of their unpaid overtime premiums as liquidated damages, as allowed under the FLSA;

   c. Reasonable attorney's fees, costs, and expenses of this action as provided by the FLSA;

   d. A finding that Defendants breached an enforceable contract for work performed by Plaintiff by failing to pay Plaintiff his last checks;

   e. Attorneys' fees, interest, and unpaid wages pursuant to Defendants' breach of contract;

   f. A declaratory judgment that the non-compete is unenforceable;

  g. Such other and further relief to which Plaintiff and Class Members may be entitled, both in law and in equity.

            Respectfully submitted,

            By: /s/ Beatriz Sosa-Morris
            Beatriz-Sosa Morris
            SOSA-MORRIS NEUMAN
            ATTORNEYS AT LAW
            BSosaMorris@smnlawfirm.com
            Texas State Bar No. 24076154
            5612 Chaucer Drive
            Houston, Texas 77005
            Telephone: (281) 885-8844
            Facsimile: (281) 885-8813

            LEAD ATTORNEY IN CHARGE FOR PLAINTIFF AND CLASS MEMBERS

OF COUNSEL:
John Neuman
JNeuman@smnlawfirm.com
State Bar No. 24083560
SOSA-MORRIS NEUMAN
ATTORNEYS AT LAW
5612 Chaucer Drive
Houston, Texas 77005
Telephone: (281) 885-8630
Facsimile: (281) 885-8813